[No. 2,978.]

## JEAN BAPTISTE BRACIA AND JEAN PERINALE v. C. NELSON.

TITLE TO PROPERTY OF INCORPORATED COMPANY.—The sale of property belonging to an incorporated company under a judgment recovered against the individual members of the company in an action to which the company was not a party, passes no title.

INADMISSIBLE EVIDENCE.—The records of such a suit and of the sale in pursuance of the judgment obtained in it, are not admissible as evidence of title in the judgment purchasers as against one who claims under a judgment against the company.

APPEAL from the District Court of the Thirteenth Judicial District, Mariposa County.

On the 29th of March, 1866, Joseph Queriola, Samuel Miller, and Simon Morrison composed the La Fayette Mining Company, and on that day they purchased of Jean Baptiste Bracia, one of the plaintiffs, and seven others, certain

property, of which the property in suit is a part. For the purchase money they gave a promissory note, in which they represented themselves as Trustees of the La Fayette Mining Company, but which they signed with their individual names only. The note was secured by a mortgage upon the property purchased. The note being unpaid at maturity, the mortgage was foreclosed and the premises sold to the mortgagees.

The other facts are stated in the opinion of the Court.

*Alexander Deering*, for Appellant, argued that the foreclosure suit was not a suit against the company, and could not affect the title to property which had passed into the corporation.

*J. M. Corcoran* and *J. B. Campbell*, for Respondents.

By the Court, SPRAGUE, J.:

This action is brought for the purpose of perpetually enjoining the sale on execution of certain real estate by the defendant, Sheriff of Mariposa County. The property was levied upon as the property of the La Fayette Mining Company, a corporation, to satisfy a judgment against the corporation in favor of one John W. Wilcox. Plaintiffs claim that at the date of the judgment against the corporation, and ever since, they were and have been the owners of the property, and that the La Fayette Mining Company, at the date of the rendition of said judgment, had not and at no time since have had any title to or interest in the property. Upon this defendant took issue.

On the trial, plaintiffs, to establish their title to the property, offered and read in evidence, against defendant's objections, the judgment roll in a certain case wherein one of the present plaintiffs and seven other individuals were plaintiffs,

and Joseph Queriola, Samuel Miller, and Simon Morrison were defendants, the order of sale issued thereon, the certificate of sale, and Sheriff's deed to the purchasers at such sale, among whom was one of the present plaintiffs. It appears by the findings of the Court that these proceedings were had and completed sometime prior to the date of the entry of the judgment in favor of Wilcox against the La Fayette Mining Company.

The question on this appeal is, whether the above evidence offered and read on the trial, established, or tended to establish, plaintiff's title to the property, the sale of which in satisfaction of the Wilcox judgment against the La Fayette Mining Company, they, by this suit, seek to enjoin.

It appears from the findings that the La Fayette Mining Company, as a corporation duly organized, became the owner of the property on the 29th day of March, 1866; and this ownership continued in said company until after the levy under the Wilcox judgment against the company, unless such ownership and title of the company was divested and passed to these plaintiffs and others by virtue of the judgment sale thereunder, and Sheriff's deed offered and read in evidence on the trial, as above stated.

Without reference to the character and object of the suit resulting in the judgment, sale thereunder, and Sheriff's deed, under which the present plaintiffs claim title to the property, it is sufficient to state, that, as appears from the judgment roll offered and read in evidence, one of the present plaintiffs and seven other individuals were party plaintiffs in said suit, and Joseph Queriola, Samuel Miller, and Simon Morrison, as individuals, were party defendants, and that judgment and decree was entered in said suit on the 18th day of December, 1866, against the defendants therein, to wit: Joseph Queriola, Samuel Miller, and Simon Morrison. The La Fayette Mining Company was not a party to the suit, and no judgment or decree was therein ren-

dered against it; no title to, or interest in the property of the corporation could be divested, or in any manner legitimately affected by a judgment and proceedings thereunder to which it was not a party. It follows, therefore, that the judgment roll, certificate of sale thereunder, and Sheriff's deed, read in evidence, did not establish, or tend to establish, plaintiff's title to the property; and that the Court erred in admitting the same in evidence against objections of defendant, and in its decree perpetually enjoining the defendant from proceeding to sell the property in satisfaction of the Wilcox judgment on execution.

Judgment and order denying new trial reversed, and cause remanded.